ORIGINAL

Anna Y. Park, CA 164242
Michael J. Farrell, CA 266553
Carol Igoe, CA 267673
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1083
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

AUG 30 2011

at 9 o'clock and 25 min. AM
SUE BEITIA, CLERK

## UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN SAMOA GOVERNMENT; AMERICAN SAMOA GOVERNMENT DEPARTMENT OF HUMAN RESOURCES<br><br>Defendants. | Case No.: CV11 00525 JMS RLP<br><br>**COMPLAINT-CIVIL RIGHTS; EMPLOYMENT DISCRIMINATION; SUMMONS**<br><br>Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq.<br><br>**JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

The United States Equal Employment Opportunity Commission ("EEOC") brings this employment discrimination action under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. 621 et seq., ("ADEA") against

Defendants the American Samoa Government ("ASG") and the American Samoa Government Department of Human Resources ("DHR") (collectively referred to herein as "Defendants"). The EEOC brings this action to correct unlawful employment practices on the basis of age and to provide appropriate relief to Eseneiaso Liu and a class of other similarly situated individuals who have been adversely affected by such practices. As stated with greater particularity in Paragraphs 9-18 below, the EEOC alleges that Defendants subjected Ms. Liu and a class of similarly situated individuals to unfavorable job reassignments and other adverse employment actions on the basis of age, over forty, in violation of the ADEA.

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1343, and 1345. This action is authorized and instituted pursuant to Section 7(b) of the ADEA, 29 U.S.C. § 626(b) which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. §§216(c) and 217.

## VENUE

2. The unlawful employment practices herein alleged were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

3. Plaintiff, the EEOC, is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA. The EEOC is expressly authorized to bring this action by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781 and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant ASG has continuously been an employer within the meaning of Sections 11(b) and 11(i) of the ADEA, 29 U.S.C. §§ 630(b) and 630(i). Section 630(b) of the ADEA defines employer to include any "State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." Section 630(i) defines the term "state" to include American Samoa.

5. At all relevant times Defendant DHR has continuously been an employer within the meaning of Sections 11(b) and 11(i) of the ADEA, 29 U.S.C. §§ 630(b) and 630(i). Section 630(b) of the ADEA defines employer to include any "State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." Section 630(i) defines the term "state" to include American Samoa.

6. All of the acts and failures to act alleged herein were performed by, and are attributable to, Defendants. These acts and failures to act were within the scope of employment, and each Defendant participated in, approved, and/or

ratified the unlawful acts and omissions by the other Defendant complained of herein.

## CONDITIONS PRECEDENT

7. More than thirty (30) days prior to the institution of this lawsuit, Ms. Liu filed a charge with the Commission alleging that Defendants violated the ADEA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Prior to the institution of this lawsuit, EEOC representatives attempted to eliminate the unlawful employment practices alleged below and to effect Defendants' voluntary compliance with the ADEA through informal methods of conciliation, conference, and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

9. Since in or about January of 2009 the Defendant Employers have engaged in unlawful employment practices in violation of the ADEA.

10. At all relevant times during this lawsuit Ms. Liu was over the age of forty.

11. Ms. Liu began working for the Defendant Employers in 1968 as a Clerk. She demonstrated excellent performance throughout her career and ultimately, in 2004, she became the Chief of the Personnel Division. Ms. Liu was

qualified for her position as Chief of the Personnel Division and consistently demonstrated above satisfactory performance in that position.

12. In about January of 2009, the Governor of the ASG made a public speech in which he stated, in part, "I remain committed to . . . encouraging our territory's top-level career service employees to take up retirement or move to the private sector . . . . By freeing up these positions, we may we able to provide much needed and much wanted jobs for our children returning from school . . . ."

13. Evelyn Langford is the Director of the DHR. In or about March 2009, Director Langford conducted an employee meeting in which she communicated to the attendees that employees who were fifty or older should retire to make room for the younger generation.

14. In about April of 2009, Director Langford informed Ms. Liu that Ms. Liu was being involuntarily reassigned to a new position in a new division: Chief of Human Capital Strategic Planning. Director Langford made the reassignment involuntary because she knew Ms. Liu would not voluntarily accept the reassignment.

15. The reassignment was unfavorable. Defendants forced Ms. Liu to move from a position she held for many years, and for which she was well qualified, into a position that did not even exist at the time, and which had certification and other job requirements she did not possess and job duties she did

not believe she could fulfill. Defendants relocated Ms. Liu out of her private office, making her the only Division Chief without an office, and also took away her parking space. After the reassignment, Ms. Liu repeatedly complained to Director Langford that Defendants had forced her into a position for which she was not prepared and in which she feared she could not succeed.

16. Defendants assigned Ms. Liu's prior job duties, private office and parking space to an individual under 40 years of age, significantly younger than Ms. Liu.

17. During the relevant time period of this lawsuit, Defendants also subjected similarly situated individuals to adverse employment actions based on age. For example, during this period Director Langford asked another DHR employee who was over sixty years of age whether that employee would retire. That employee answered that no, she would not. Shortly after this, Director Langford also involuntarily reassigned that employee to an unfavorable position in the new Human Capital and Strategic Planning Division.

18. The statements made by the Governor and Director Langford and referenced herein indicate that the Defendants engaged in unlawful employment practices based on age by subjecting a class of employees over the age of forty to adverse employment actions including the involuntary, unfavorable job reassignments referenced herein.

19. The effect of the practices complained of in paragraphs 9 through 18 above has been to deprive Ms. Liu and a class of other similarly situated employees of the Defendants over the age of forty of equal employment opportunities and otherwise adversely affect their status as employees because of their age.

20. The unlawful employment practices complained of in Paragraphs 9 – 18 above were willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. §626(b).

## PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, agents, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practices which discriminate on the basis of age.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for persons forty years of age and older, and which eradicate the effects of their past and present unlawful employment practices.

C. Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages,

and prejudgment interest to individuals whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Ms. Liu and a class of similarly situated aggrieved individuals who were also subjected to adverse employment actions based on their age, over forty.

  D. Order Defendants to make whole Ms. Liu and all other similarly situated individuals adversely affected by the employment practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place reinstatement, hiring, promotion and/or front pay.

  E. Award the Commission its costs of this action.

  F. Grant such further relief as the Court deems necessary and proper in the public interest.

///

///

///

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                    P. DAVID LOPEZ
                    General Counsel

                    JAMES LEE
                    Deputy General Counsel

                    GWENDOLYN YOUNG REAMS
                    Associate General Counsel

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION
                    131 "M" Street, NE.
                    Washington, D.C. 20507

Dated: August 26, 2011

                    */s/ ANNA Y. PARK*
                    ANNA Y. PARK
                    Regional Attorney
                    MICHAEL FARRELL
                    Supervisory Trial Attorney
                    CAROL IGOE
                    Trial Attorney

                    U.S. EQUAL EMPLOYMENT
                    OPPORTUNITY COMMISSION

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Hawaii

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. |
| American Samoa Government; American Samoa Government ) | |
| Department of Human Resources ) | |
| Defendant ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*   American Samoa Government

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

    Michael J. Farrell
    U.S. EEOC
    255 E. Temple Street, 4th Floor
    Los Angeles, CA 90012

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: AUG 3 0 2011

*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: