Anna Y. Park, CA SBN 164242
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1091
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Amrita Mallik, CA SBN 249152
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
300 Ala Moana Boulevard, Seventh Floor
Honolulu, HI 96850
Telephone: (213)541-3133
Facsimile: (213) 541-3390
Email: amrita.mallik@eeoc.gov
Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Barry W. Marr 1937-0
Darin R. Leong 8702-0
Marr Jones & Wang
1003 Bishop Street, Suite 1500
Honolulu, Hawaii 96813
Telephone: (808) 536-4900
Facsimile: (808) 536-6700
bmarr@marrjones.com
Attorneys for Defendant
AMERICAN SAMOA GOVERNMENT

## UNITED STATES DISTRICT COURT
## DISTRICT OF HAWAII

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>vs. | ) Case No.:  11-00525-JMS-RLP<br>)<br>) **CONSENT DECREE; ORDER**<br>)<br>)<br>) |

|  | ) |
| AMERICAN SAMOA | ) |
| GOVERNMENT; AMERICAN | ) |
| SAMOA GOVERNMENT | ) |
| DEPARTMENT OF HUMAN | ) |
| RESOURCES | ) |
|  | ) |
|  | ) |
| Defendants. | ) |

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC") and Defendant American Samoa Government[1] ( "Defendant" or "ASG") hereby stipulate and agree to entry of this Consent Decree (the "Decree") to fully and finally settle and resolve Plaintiff's complaint against Defendant in <u>U.S. Equal Employment Opportunity Commission v. American Samoa Government; American Samoa Government Department of Human Resources</u>; Case No. 11-00525-JMS-RLP (the "Action") and EEOC Charge Nos. 486-2013-00032 and 486-2012-00241.

On August 30, 2011, the EEOC filed this Action in the United States District Court for the District of Hawaii, alleging violation of the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 *et seq.* ("ADEA").  The Action alleged that Defendant discriminated against Eseneiaso Liu and other similarly situated persons (collectively, the "Claimants") on the basis of their age.  ASG filed an Answer denying any wrongdoing or liability.

## II.

## <u>PURPOSES AND SCOPE OF THE CONSENT DECREE</u>

A.    The Decree is made and entered into by and between the EEOC and Defendant and shall be binding on and enforceable against Defendant, as well as

---

[1]    The American Samoa Government Department of Human Resources is a department within the American Samoa Government, and not a separate entity. Therefore, the sole defendant in this lawsuit is American Samoa Government.

its officers, directors, agents, successors and assigns (collectively, "ASG"). Collectively, the EEOC and ASG are referred to herein as the "Parties."

B.     The Parties have entered into this Decree for the following purposes:

1.     To provide monetary and injunctive relief in compromise of the claims asserted in the Action;

2.     To ensure employment practices in compliance with federal law;

3.     To ensure a work environment free from discrimination and retaliation;

4.     To ensure training in employment discrimination law; and

5.     To ensure appropriate recording keeping, reporting, and monitoring.

### III.
### RELEASE OF CLAIMS

A.     This Decree fully and completely resolves all issues, claims and allegations raised by the EEOC against ASG in this Action, as well as all issues, claims and allegations raised in EEOC Charge Nos. 486-2013-00032 and 486-2012-00241.

B.     Nothing in this Decree shall be construed to limit or reduce ASG's obligation to comply fully with the ADEA or any other federal employment statute.

C.     Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party fails to perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against ASG in accordance with standard EEOC procedures, except for the charges specifically referenced in this Decree.

## IV.

## JURISDICTION

A.      The Court has jurisdiction over the Parties and the subject matter of this litigation.  The terms and provisions of this Decree are fair, reasonable and just.  This Decree conforms with the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights or privileges of any person.

B.      The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments and decrees that may be necessary to implement the relief provided herein.

## V.

## EFFECTIVE DATE AND DURATION OF DECREE

A.      The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court (the "Effective Date").

B.      Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date.

## VI.

## MODIFICATION AND SEVERABILITY

A.      This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification or amendment of any provision of this Decree will be effective unless made in writing and signed by an authorized representative of each of the Parties.

B.      If one or more provisions of the Decree are rendered unlawful or unenforceable, the Parties shall make good faith efforts to agree upon appropriate amendments in order to effectuate the purposes of the Decree.  In any event, the remaining provisions will remain in full force and effect unless the purposes of the Decree cannot, despite the Parties' best efforts, be achieved.

C.     By mutual agreement of the Parties, this Decree may be amended or modified in the interests of justice and fairness in order to effectuate the provisions herein.

## VII.

## COMPLIANCE AND DISPUTE RESOLUTION

A.     The Parties agree that if either Party has reason to believe that the other Party has failed to comply with any provision of this Consent Decree, either Party may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the moving Party will notify the other Party and/or its legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the moving Party believes was breached.  Absent a showing by either Party that the delay will cause irreparable harm, the non-moving Party shall have sixty (60) days to attempt to resolve or cure any non-monetary breach and shall have thirty (30) days to attempt to resolve or cure any monetary breach.

B.     The Parties agree to cooperate with each other and use their best efforts to resolve any dispute arising from or under this Decree.

C.      After sixty (60) days have passed with respect to any non-monetary breach, or thirty (30) days have passed with respect to any monetary breach, if the Parties have not reached resolution or agreement to extend the time further, either Party may petition this Court for resolution of the dispute, seeking all available relief, including costs and any attorneys' fees incurred in securing compliance with the Decree, and/or any other relief the Court deems appropriate.

//

//

//

//

# VIII.

## NOTICE TO FORMER EMPLOYEES

A.     **Affected Employees:**

1.     ASG agrees to offer reinstatement to Affected Employees of ASG if ASG determines they were subjected to demotion and/or constructive discharge in violation of the ADEA, subject to the terms set forth below.

2.     Affected Employees are hereby defined as any present or former employees of ASG who were:  1) employed by ASG during the time period between June 1, 2009 to December 31, 2010; 2) subject to demotion, termination and/or involuntary retirement during the time period between June 1, 2009 to December 31, 2010; and 3) were over the age of 40 during the time period between June 1, 2009 to December 31, 2010.

3.     <u>Determination of Affected Employees:</u>  Within one hundred twenty (120) days of the Effective Date, ASG shall send a questionnaire to all current and former employees who were age forty or older during the time period between June 1, 2009 and December 31, 2010 and who had been demoted, terminated, or  retired during that time period. The Department of Human Resources shall be designated to develop a process to investigate allegations of age discrimination raised in the questionnaire.  Within ninety (90) days of receiving such questionnaire, the Department of Human Resources will open an investigation for each questionnaire alleging that the individual was:  1) subject to age discrimination; 2) over the age of 40 during the time period from June 1, 2009 to December 31, 2010; and 3) was demoted/terminated/retired during the time period from June 1, 2009 to December 31, 2010.  Should the investigation result in a finding of age discrimination, then the Affected Employee shall be offered reinstatement into the position that was previously held, subject to the terms set forth below.

4.    Reinstatement:  ASG shall offer to reinstate the Affected Employees whom ASG determines suffered age discrimination into their previously held position at current rate of pay.  If that position no longer exists, is filled by another employee, or if the Affected Employee declines reinstatement, ASG shall issue a letter to the Affected Employee acknowledging their service to American Samoa and to acknowledge that a finding of age discrimination was made by ASG.

5.    Monitoring:  The Department of Human Resources ("Monitor") shall be responsible for monitoring the reinstatement process in order to ensure that no retaliation occurs against the identified Affected Employees and shall be designated to ensure compliance under this Decree.  All Affected Employees shall be notified by ASG of the Monitor's responsibility and shall be provided with contact information, including a telephone number and an email address, where they can contact the Monitor.  The Monitor will also prepare a report to the EEOC describing the reinstatement process for each of the Affected Employees, noting any issues or problems with the reinstatement and describing how those issues were resolved.

## IX.

## **MONETARY RELIEF**

**A.    Monetary Relief:**

1.    In settlement of all monetary claims asserted in this Action, ASG shall pay a total of twelve thousand and five hundred dollars ($12,500.00) ("Settlement Amount") in compromise of the claims brought on behalf of the Charging Party and the Claimant.  Allocation of the Settlement Amount shall be left to the discretion of the EEOC, who shall notify ASG within ten (10) days of the date this Decree is entered of the allocation between the Charging Party and Claimant.

2.    Within ten (10) days of the date this Decree is entered the EEOC will provide a list identifying the Charging Party and Claimant, their current

addresses, the amounts to be paid to each, and relevant identifying information, (hereafter "Distribution List").  Within ninety (90) days of receiving the distribution list, ASG shall distribute the Settlement Amount to the Charging Party Liu and Claimant Lacambra.

3.      The entire Settlement Amount shall be designated as alleged back pay compensation under the ADEA.  All monies paid to the Charging Party and Claimant shall be subject to the statutorily required deductions for federal, state and local income tax withholding and social security/medicare tax withholdings.  Defendant shall pay the employer's portion of all federal, state, and local taxes, including but not limited to FICA and FUTA taxes, and such amounts shall not be deducted from the payment of the Settlement Amount.  Defendant shall prepare and distribute W-2 forms to the Charging Party and Claimant at the same time and in the same manner that they issue W-2 forms to their current employees for the applicable tax year. ASG shall be solely responsible for any costs associated with the issuance and distribution of tax reporting forms to the Charging Party and Claimant.

4.      Within ten (10) business days of issuance of the Settlement Amount, and within ten (10) business days of ASG's issuance of W-2 form(s) to the Charging Party and Claimant, ASG shall submit a copy of each check/pay stub and each tax-related correspondence to Anna Park, EEOC Regional Attorney at the office address on the caption page of this Decree.

## X.

## GENERAL RELIEF

A.      **Non-Discrimination:**

ASG agrees that federal law prohibits discrimination against persons on the basis of age (over 40) in hiring decisions, termination decisions, performance evaluations, transfers, demotions, promotions, or any terms and conditions of employment.

B.     **Retaliation:**

ASG  agrees that it has an obligation under federal law to not implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of ASG, because he or she has in the past, or during the term of this Decree:

1.     Opposed any practice made unlawful under the ADEA;

2.     Filed a charge of discrimination alleging such practice;

3.     Participated in any manner in an internal or external investigation or proceeding relating to this case or any claim of a violation of the ADEA;

4.     Was identified as a possible witness or claimant in this Action;

5.     Asserted any right under this Decree; or

6.     Sought and/or received any relief in accordance with this Decree.

## XI.

## SPECIFIC RELIEF

A.     **Policies and Procedures:**

ASG shall review, revise (as necessary), distribute, and implement its policies and procedures against discrimination and retaliation prohibited by the ADEA (the "Policy").  The Policy shall include:

1.     A clear explanation of prohibited conduct;

2.     A clearly described complaint process for complaints of age discrimination, harassment, and retaliation that provides accessible avenues of complaint against co-workers, including the complainant's supervisors, and that allows for complaints to be initiated verbally, although it may require that the substance of the complaint be recorded later in writing;

3.      Assurance that employees who make complaints of discrimination and/or harassment or who provide information related to such complaints are protected against retaliation;

4.      Assurance that ASG will take prompt and appropriate corrective action when it determines that discrimination, harassment and/or retaliation has occurred; and

5.      A clear explanation whereby supervisory employees and managerial employees will be held accountable for ASG's efforts to prevent and/or correct discrimination, harassment, and/or retaliation.

Within one hundred and twenty (120) days of the Effective Date of this Decree, ASG shall provide to the EEOC a copy of the Policy. Within one hundred and eighty (180) days of the Effective Date, ASG shall ensure that it has distributed its Policy to each managerial and non-managerial employee. Within one hundred and eighty (180) days of the Effective Date, ASG shall submit to the Commission a statement confirming distribution of the Policy. For each new managerial or non-managerial employee hired after the initial distribution of the Policy described above, ASG shall ensure that the new employee and/or manager receives notice of the Policy within thirty (30) days of employment.

**B.    Training:**

1.      Within eighteen (18) months of the Effective Date of this Decree, ASG shall provide live, in-person training of at least two hours duration to all employees covering the Policy and federal laws regarding equal employment opportunity, including a component regarding employment discrimination on the basis of age. All persons required to attend such training shall verify their attendance in writing. The training may occur in four (4) separate sessions during the eighteen (18) month period.

2.      Following the 2-hour training for all employees, ASG will also provide additional one hour training to all supervisory level and managerial employees, including all Chiefs and Department Heads regarding the specific role of supervisory employees in assuring compliance with the Policy and federal law.

3.      All trainings under this Decree shall be conducted by through an EEO Officer designated by the Human Resources Department..  At ASG's discretion, the EEO Officer may be trained by the EEOC in Honolulu before conducting the trainings for ASG.  Such training shall be free of charge to ASG.

4.      Any individual employee who misses the live-in person training will be required to watch a video of the missed training within thirty (30) days of the missed training, unless such employee is unable to watch a video of the training due to an extended absence from work.  Those employees will also be provided with the contact information of the EEO Officer if they have any questions after the training.

5.      For the following eighteen (18) month period throughout the term of this Decree, ASG shall provide another training of at least two hours duration to every employee covering the Policy and federal laws regarding employment discrimination.  This training may be done by video with a live component notifying employees to contact the EEO Officer with any questions.  All persons required to attend such training shall verify their attendance in writing.

6.      Defendant will give the EEOC a minimum of forty-five (45) days advance written notice of the date, time, and location of the first training provided pursuant to this Decree.  An EEOC representative may attend any such training, at the sole discretion of the EEOC, provided it gives a minimum of fifteen (15) business days advance notice thereof to Defendant.

**C.      Equal Employment Opportunity Officer**

Within ninety (90) days  after the Effective Date, ASG shall designate an Equal Employment Opportunity Officer ("EEO Officer") who will be trained in

EEO compliance to implement and monitor ASG's compliance with Title VII and the provisions of this Decree.  ASG shall bear all costs associated with the selection and retention of the EEO Officer and the performance of his/her duties. The EEO Officer shall assist ASG in the following:

1.    **Policy review, revision and redistribution:** Implementing procedures to handle complaints of discrimination, harassment and retaliation; implementing ASG's ADEA Policy and reporting procedure to carry out its obligations under this Decree;

2.    **Training:** Training all employees on policies and procedures relating to Federal Equal Employment Opportunity laws, including the ADEA, age discrimination and retaliation, and including but not limited to the responsibilities to provide a workplace free of unlawful discrimination;

3.    **Monitoring:**  Monitoring and assuring the adequate investigation of all complaints of discrimination and retaliation; properly communicating with complainants regarding the complaint procedure, status of the complaint/investigation, results of the investigation, and any remedial action taken; Monitoring the reinstatement of and resolving any disputes over the reinstatement of any Affected Employees as defined earlier in the Decree;

4.    **Tracking:**   Creating a centralized system of tracking discrimination, harassment, and retaliation complaints; and

5.    Further ensuring compliance with the terms of this Decree.

**D.    Record Keeping:**

ASG shall establish a record-keeping procedure that provides for the centralized tracking of complaints of discrimination, and the monitoring of such complaints to prevent discrimination on the basis of age or retaliation.  ASG shall also establish systems whereby documents pertaining to a particular employee are collected and maintained in a centralized personnel file specific to that employee.

**E.      Reporting:**

ASG shall provide the following reports at eighteen (18) and thirty-two (32) months after the Effective Date of this Decree:

1.      Certification that training was conducted government wide by providing the attendance lists of all attendees for all training sessions required under this Decree that took place during the previous eighteen (18) months;

2.      A description of all age discrimination and/or retaliation complaints made since the submission of the immediately preceding report hereunder.  This description shall include the names of the individuals alleging age discrimination and/or retaliation, the nature of the alleged age discrimination and/or retaliation, the names of the alleged perpetrators of age discrimination and/or retaliation, the dates of the alleged age discrimination and/or retaliation, a brief summary of how each complaint was resolved, and the identity of the ASG employee(s) who investigated and/or resolved each complaint.  If no results have been reached as of the time of the report, the result shall be included in the next report; and

3.      A report of the reinstatement process for all Affected Employees as described above in section VIII.A.3.

**F**.      **Posting**

Within thirty (30) days of the Effective Date and throughout the term of the Decree, ASG shall post a full-sized copy of the Notice, attached to the Decree as Attachment A, in a clearly visible location frequented by employees (i.e., break rooms or bulletin boards with other employee notices) in each of its departments throughout the government.

**XII.**

**<u>COSTS OF ADMINISTRATION AND IMPLEMENTATION</u>**

**<u>OF CONSENT DECREE</u>**

ASG shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XIII.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XIV.

## MISCELLANEOUS PROVISIONS

A.      During the term of this Consent Decree, ASG shall provide any successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of ASG's facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.      During the term of this Consent Decree, ASG shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.      Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of Anna Y. Park, Regional Attorney, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA, 90012; facsimile number (213) 894-1301.

D.      This Decree may be signed in counterparts.  A facsimile signature will have the same force and effect of an original signature or copy thereof.

E.      The Parties agree to entry of this Decree subject to final approval by the Court.

-14-

All parties, through the undersigned, respectfully apply for a consent to this entry of this Decree.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: _____12/19/12_____        _____/s/ Anna Y. Park_____
                                          By: Anna Y. Park
                                              Attorneys for Plaintiff EEOC


MARR JONES & WANG

Date: _____12/19/12_____        _____/s/ Darin R. Leong_____
                                          By: Darin R. Leong
                                              Attorneys for Defendant American
                                              Samoa Government

### ORDER

The provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is HEREBY ORDERED.

DATED:  Honolulu, Hawaii, December 20, 2012.



/s/ J. Michael Seabright_____
J. Michael Seabright
United States District Judge